UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:00-cr-00188 |
| | ) | Judge Trauger |
| STEPHEN CHARLES BRASSEL | ) | |

**ORDER**

    This case has been randomly reassigned to the undersigned Judge.

    Pending before the court is the Defendant's *pro se* Motion To Terminate Supervised Release Term (Docket No. 1125). Through the Motion, the Defendant requests that the court terminate the remainder of his five-year term of supervised release, which began in June, 2014. The Government has filed a Response (Docket No. 1126) in opposition.

    Subsection 18 U.S.C. § 3583(e)(1) permits the termination of supervised release after one year if a Defendant's conduct warrants such a termination:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

    Section 3553(a) requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to

modify, reduce, or enlarge the term or conditions of supervised release.[1] *See United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003).

On June 7, 2001, the Defendant pled guilty, before former Judge Robert L. Echols, to two drug trafficking conspiracy counts. (Docket No. 456). At the subsequent sentencing hearing, on February 11, 2002, Judge Echols sentenced the Defendant to a total term of 188 months of imprisonment, and five years of supervised release. (Docket No. 801). The record reveals that no appeal was taken.

Through the pending Motion, the Defendant contends that he is a good candidate for early termination of supervised release because he has completed substance abuse treatment successfully; he has complied with all conditions of his supervised release and passed all drug screens; he has a strong support structure in his wife, teenage daughter, and two grandsons; he has been employed as a warehouse manager making a steady and reliable income since his release; and he has completed over half of the term ordered. The Defendant also points out that he has not benefitted from the multiple times the Sentencing Commission has lowered the sentencing ranges for drug offenders since he was sentenced.

In its Response, the Government argues that the Defendant's supervised release should

---

[1] The Section 3553 factors referred to in Subsection 3583(e)(1) include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; protection of the public from further crimes of the defendant; the most effective manner for providing the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and the sentencing range established under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

not be terminated based on the seriousness of his crime, the need for continued observation as he readjusts to living in society, and the lack of any extraneous conditions or behavior justifying his request. The Government indicates that the Probation Officer supervising the Defendant confirms that he is compliant with all terms of supervision and takes no position on the Defendant's request.

Having considered the factors set forth in Section 3553, the court concludes that the length of time the Defendant has been on supervision, his overall compliance with the conditions of supervision, his employment history, and the interest of justice warrant early termination of supervised release in this case. Accordingly, the Motion is GRANTED.

It is so **ORDERED.**

Enter this 24th day of July 2017.

_____
ALETA A. TRAUGER
U.S. District Judge